IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CIVIL NO.: 1:13cv404-HSO-RHW |
| | § | CRIMINAL NO.: 1:12cr33-HSO-RHW |
| WILTON JOSEPH CUEVAS | § | |

<u>MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DISMISSING IN PART WITHOUT PREJUDICE DEFENDANT'S MOTION
UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE</u>

BEFORE THE COURT is Defendant Wilton Joseph Cuevas's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [464]. Defendant seeks to set aside his November 14, 2012, Judgment of Conviction [401] for conspiracy to commit violations of federal firearms laws and engaging in the business of selling firearms without a license. The Government has filed a Response [480], and Defendant's former counsel has filed an Affidavit [485] in response. Having considered the issues presented, the record, and relevant legal authorities, the Court is of the opinion that the Motion should be granted in part to allow Defendant to file an out-of-time appeal and dismissed without prejudice in all other respects.

I. <u>BACKGROUND</u>

A.   <u>Factual Background</u>

On April 17, 2012, Defendant was charged with conspiracy in violation of 18 U.S.C. § 371 and engaging in the business of selling firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A). Indictment 1-10, 17 [4]. Defendant pleaded

1

not guilty to both counts.  Minute Entry, June 4, 2012.  On June 5, 2012, Ellen Allred was appointed as counsel for Defendant, but on June 7, 2012, Ms. Allred withdrew as counsel and Mack Bethea was appointed as Defendant's counsel.  Order Granting Mot. to Withdraw and Appointing Counsel 1 [179].

On August 2, 2012, Defendant filed a Notice of Intent to Change Plea [278] to plead guilty.  On August 8, 2012, Defendant entered into a written Plea Agreement [336] with the Government and pleaded guilty to Count One and Count Thirty of the Indictment.  Minute Entry, Aug. 8, 2012.  Pursuant to the Plea Agreement, Defendant expressly waived "the right to appeal the conviction and sentence in this case[]" and "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding . . . ."  Plea Agreement 4, ¶¶ 7(a) and (b).  Defendant also entered a sealed Plea Supplement [337] on August 8, 2012, setting forth various obligations on Defendant's part and the Government's part.  Mr. Bethea represented Defendant throughout the plea bargaining process.

On November 14, 2012, the Court sentenced Defendant to sixty months imprisonment with respect to Count One and twenty-six months imprisonment on Count Thirty.  Minute Entry, Nov. 14, 2012.  The Court ordered that the terms of imprisonment would run consecutively and ordered Defendant to pay a $10,000.00 fine and $200.00 special assessment.  *Id*.  The Court further sentenced Defendant to a term of three years' supervised release upon Defendant's release from

imprisonment.  Judgment and Conviction 3 [401].  The Judgment and Conviction [401] was executed and filed on November 16, 2012.

B.     Procedural Background

Proceeding *pro se*, Defendant filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [464] ("Motion to Vacate") on October 21, 2013, along with a Memorandum in Support [464-1].  Defendant claims he was subjected to ineffective assistance of counsel stemming from his counsel's failure to file a notice of appeal as allegedly requested by Defendant.  Mem. in Supp. 2-6 [464-1].  Defendant maintains that he desired to pursue an appeal because the Court applied various sentencing enhancements in determining Defendant's sentence, which enhancements Defendant contends should have been submitted to the grand jury and made a part of the Indictment.  *Id*. at 2, 5-6.

On October 23, 2013, the Court entered a briefing schedule related to the Motion to Vacate, and Mr. Bethea was ordered to file an affidavit in response to Defendant's allegations by November 25, 2013.  Text Only Order, Oct. 23, 2013.  The Court further ordered the Government to file any response in opposition to the Motion to Vacate on or before December 30, 2013.  *Id*.  By December 31, 2013, Mr. Bethea had not filed his affidavit, and the Government sought an order compelling Mr. Bethea to file an affidavit and extending the Government's response deadline for an additional thirty days from the date that Mr. Bethea filed his affidavit.  Mot.

3

to Compel Aff. from Defense Counsel and for Time to File Supplemental Resp. to Mot. to Vacate, Set Aside, or Correct Sentence 1-2 [481].

Also on December 31, 2013, the Government filed its response in opposition [480] to the Motion to Vacate. The Government cites Defendant's Plea Agreement and argues that he has waived his right to contest both his conviction and his sentence. Resp. of United States to Mot. to Vacate 1-3, 5-6. The Government, however, acknowledges that the Fifth Circuit Court of Appeals has held that counsel's failure to file a notice of appeal when requested to do so constitutes ineffective assistance *per se*, such that the Government does not contest Defendant's request that he be permitted to file an out-of-time appeal.[1] *Id*. at 4-5.

On January 8, 2014, the Court afforded Mr. Bethea an additional thirty days to file his affidavit in response to the Motion to Vacate. Text Only Order, Jan. 8, 2014. The Court also gave the Government thirty days from the date that Mr. Bethea's affidavit was filed to submit any supplemental brief necessitated by Mr. Bethea's affidavit. *Id*. On January 30, 2014, Mr. Bethea filed his Affidavit [485], and pursuant to that Affidavit, Mr. Bethea attests that Defendant never asked him to file a notice of appeal. Aff. 1 [485]. To date, the Government has not filed a supplemental brief.

---

[1] The Government expressly "reserves the right to enforce the parties' plea agreement by moving to dismiss any . . . appeal based on the appeal waiver provision in the plea agreement." *Id*. at 3, n.1.

## II. DISCUSSION

A.   Legal Standard for a § 2255 Motion

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).  Section 2255 "provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

B.   Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees an accused the right to the assistance of counsel in defense of a criminal prosecution. U.S. Const. amend. VI.  This right extends to the plea bargaining process, and "[d]uring plea negotiations[,] defendants are 'entitled to the effective assistance of competent counsel.'" *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).  Claims of ineffective assistance of counsel are properly asserted by way of a § 2255 motion to vacate. *See Gaudet*, 81 F.3d at 589 n.5 (citations omitted).  A claim asserting ineffective assistance of counsel survives a waiver of the right to file a § 2255 motion "only

5

when the claimed [ineffective] assistance directly affected the validity of that waiver or the plea itself." *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004) (quoting *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002)) (internal quotations omitted). To succeed on a § 2255 motion asserting ineffective assistance, a defendant must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

Notwithstanding *Strickland*, the Fifth Circuit has held that a failure to file an appeal when requested constitutes *per se* ineffective assistance of counsel and permits an out-of-time appeal. *United States v. Tapp*, 491 F.3d 263, 265-66 (5th Cir. 2007). This is so even where the defendant has waived his right to a direct appeal. *Id*.

C.  Analysis

Defendant has submitted a declaration in which he states that he requested his counsel file an appeal but that his counsel failed to do so. Mot. to Vacate ¶¶ 11-12 [464], Mem. in Supp. 2-4 [464-1]. The Government acknowledges Defendant's declaration and does not oppose permitting Defendant to file an out-of-time appeal. Resp. of United States to Mot. to Vacate 5 [480]. Subsequent to the Government's response, Mr. Bethea filed his Affidavit in which he denied that Defendant asked him to file a notice of appeal. Aff. 1-2 [485]. Despite having the benefit of this Affidavit, however, the Government has not filed a supplemental brief in opposition to the Motion to Vacate. The record thus makes evident that both the Government

and Defendant agree that Defendant should be permitted to file an out-of-time appeal.

The general rule is that a defendant must prove by a preponderance of the evidence, either through evidence already in the record or at an evidentiary hearing, that he asked his counsel to file a notice of appeal. The deadline for timely filing an appeal, however, is set by Rule 4 of the Federal Rules of Appellate Procedure, and this deadline can be waived. *See United States v. Lee*, 242 F. App'x 209, 211 (5th Cir. 2007) (permitting prisoner's appeal to go forward on the merits "because the Government did not oppose [the prisoner's] out-of-time appeal, and has thus waived application of Rule 4(b)" of the Federal Rules of Appellate Procedure). The Court is of the opinion that an evidentiary hearing is unnecessary given that the parties do not contest Defendant's request for an out-of-time appeal. Whether Defendant is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of the Plea Agreement need not be addressed at this point. *Tapp*, 491 F.3d at 265-66.

Because district courts cannot "create appellate jurisdiction," the Fifth Circuit has provided direction in this context. *U.S. v. West*, 240 F.3d 456, 459, 460-61 (5th Cir. 2001). When allowing an out-of-time appeal based on a § 2255 motion asserting ineffective assistance based on counsel's failure to file a notice of appeal, the out-of-time appeal cannot proceed unless the Court grants the § 2255 motion insofar as it seeks an out-of-time appeal and dismisses without prejudice "those parts of the motion for which the out-of-time appeal is granted." *Id.* at 460. The

7

Court must then reinstate the judgment of conviction on the criminal docket, and the defendant will have fourteen (14) days from the date of entry of the reinstated judgment. *Id*. at 462; Fed. R. App. P. 4(b)(1)(A)(i). Pursuant to this directive, Defendant's Motion to Vacate will be granted only to the extent that Defendant will be permitted to file an out-of-time appeal. *West*, 240 F.3d at 460-61. By a "Text Only Order" to be entered in conjunction with this Memorandum Opinion and Order, the Court will reinstate the Judgment of Conviction [401] on the criminal docket as of May 14, 2014. *Id*. at 462. The remaining claims asserted in the Motion to Vacate will be dismissed without prejudice. *Id*. Should Defendant elect to reassert these claims, or others, he may do so by way of a new § 2255 motion after his appeal is concluded.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Wilton Joseph Cuevas's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [464] is **GRANTED IN PART** to the extent that Defendant is entitled to file an out-of-time appeal as described above, and **DISMISSED WITHOUT PREJUDICE** in all other respects.

**SO ORDERED AND ADJUDGED**, this the 14th day of May, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE