IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WILTON JOSEPH CUEVAS**

v.  Civil No. 1:16-cv-296-HSO
Criminal No. 1:12cr33-HSO-RHW-3

**UNITED STATES OF AMERICA**

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255

BEFORE THE COURT is the second Motion [558] of Wilton Joseph Cuevas ("Cuevas") to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. After due consideration of the Motion, related pleadings, the record, and relevant legal authority, the Court is of the opinion that Cuevas is not entitled to relief and that his § 2255 Motion should be denied in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (the "Section 2255 Rules") without the requirement of an answer by the United States Attorney and without an evidentiary hearing.

### I. FACTS AND PROCEDURAL HISTORY

On April 17, 2012, a Grand Jury returned a 30-count Indictment [3] against Cuevas and 14 co-Defendants. Count 1 of the Indictment [3] charged Cuevas and

his co-Defendants with conspiring to commit the following offenses against the United States in violation of 18 U.S.C. § 371:

> Willful engagement in a firearms business without a license in violation of Section 922(a)(1), Title 18, United States Code.
>
> Possession of a firearm by a convicted felon in violation of Section 922(g)(1), Title 18, United States Code.
>
> Possession of stolen firearms in violation of Section 922(j), Title 18, United States Code.
>
> Possession of a firearm with an altered or obliterated serial number in violation of Section 922(k), Title 18, United States Code.
>
> Willful transfer, sale, or transport of a weapon by an unlicensed person to another unlicensed, out-of-state person in violation of Section 922(a)(5), Title 18, United States Code.
>
> Receipt or possession of an unregistered firearm in violation of Section 5861(d), Title 26, United States Code.
>
> Transfer of an unregistered firearm in violation of Section 5861(f), Title 26, United States Code.
>
> Manufacture of an unregistered firearm in violation of Section 5861(e), Title 26, United States Code.

Indictment [3] at 2. Count 30 charged Cuevas and his co-Defendants with knowingly and willfully engaging in a business of selling firearms without a license issued under federal law by selling 85 firearms in violation of Section 922(a)(1)(A), Title 18, United States Code. *Id.* at 17.

Cuevas elected to enter into a Plea Agreement [336] with the Government, and on August 8, 2012, pleaded guilty to Counts 1 and 30 of the Indictment. *See*

Aug. 8, 2012, Minute Entry. The Plea Agreement [336] provided in relevant part that Cuevas

> expressly waives the following rights:
> a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
> b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . .

Plea Agreement [336] at 4.

Cuevas was sentenced on November 14, 2012, to terms of imprisonment of 60 months as to Count 1 and 26 months as to Count 30, to run consecutively to each other. *See* Nov. 14, 2012, Minute Entry. The Judgment [401] was entered on November 16, 2012. J. [401] at 1. Cuevas did not file a direct appeal.

On October 21, 2013, Cuevas filed his first Motion [464] to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. On May 14, 2014, the Court granted the Motion [464] in part, to the extent it found that Cuevas was entitled to pursue an out-of-time appeal, and reinstated the Judgment [401] on the docket, so that Cuevas could file a timely notice of appeal. *See* Order [496] at 8; May 14, 2014, Text Order. The Court dismissed the Motion [464] in all other respects without prejudice. Order [496] at 8.

Cuevas filed a Notice of Appeal [500] and was appointed counsel to represent him on his direct appeal. *See* Order [505] at 1-2. On December 9, 2014, the

Government filed a Motion to Dismiss or, in the Alternative, for Summary Affirmance invoking the appeal waiver contained in the Plea Agreement with Cuevas. On December 18, 2014, the United States Court of Appeals for the Fifth Circuit granted the Government's Motion to Dismiss. *See* Order [520] at 1. Cuevas filed a Petition for writ of certiorari with the United States Supreme Court which was denied on April 20, 2015. *See* Letter [528] at 1.

On August 7, 2016, Cuevas filed the present Motion [558] pursuant to 28 U.S.C. § 2255.[1] Ground One of Cuevas's Motion seeks a minor-role reduction pursuant to an amendment to the United States Sentencing Guidelines and seeks a three-level decrease in his offense level for acceptance of responsibility. *See* Mot. [558] at 4; Mem. [558-1] at 2-3. Ground Two asserts that a firearm enhancement he received under United States Sentencing Guideline § 2k2.1(b)(6) is now illegal and unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and its progeny. *See* Mot. [558] at 5; Mem. [558-1] at 3. Cuevas simply reargues the minor role reduction and *Johnson* in Grounds Three and Four. Mot. [558] at 8-9. Cuevas asks the Court to re-sentence him without the foregoing enhancements. Mem. [558-1] at 4. Construing all facts in Cuevas's favor, it is clear that he is entitled to no relief under § 2255.

---

[1] Cuevas executed the Motion and placed it in the prison mailing system on August 7, 2016. Mot. [558] at 13. The Motion was docketed by the Clerk of Court on August 11, 2016.

## II. DISCUSSION

A. <u>Cuevas is not entitled to relief pursuant to the amendment to Guideline § 3B1.2.</u>

Cuevas asks the Court to apply a minor-role adjustment under United States Sentencing Guideline § 3B1.2 based upon a recent amendment to § 3B1.2 ("Amendment 794") and based upon *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016). Mem. [558-1] at 1-3. Construing all allegations in his favor, Cuevas is not entitled to relief under § 2255 pursuant to Amendment 794 to the Sentencing Guidelines.

"Claims of misapplication of the guidelines are not cognizable under § 2255." *United States v. Guerrero*, No. 16-41150, 2017 WL 2703676, at *1 (5th Cir. June 21, 2017) (citing *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). A request to reduce a sentence based upon the United States Sentencing Commission's adoption of an amendment lowering a sentencing range is properly construed as arising under 18 U.S.C. § 3582(c)(2). *See id.* (Amendment 794); *United States v. Porter*, 335 F. App'x 408, 409 (5th Cir. 2009) (Amendments 706 and 709).

Nor is Cuevas entitled to relief under § 3582(c)(2). 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons,

or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 3582(c)(2) applies only to retroactive guideline amendments that are listed in U.S.S.G. § 1B1.10(d), which Amendment 794 is not. *Guerrero*, 2017 WL 2703676, at *1 (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)); *see also Porter*, 335 F. App'x at 410.

The authority upon which Cuevas relies, *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), involved the retroactivity of Amendment 794 on a direct appeal and is not controlling here. Cuevas's present Motion is not a direct appeal, and persuasive authority indicates that Amendment 794 does not apply retroactively to cases such as this one. *See Guerrero*, 2017 WL 2703676, at *1; *Porter*, 335 F. App'x at 410.[2] Cuevas is not eligible for relief under Amendment 794.

B. <u>Cuevas is not entitled to relief under § 2255 for the Court having denied him acceptance of responsibility under § 3E1.1 of the Guidelines.</u>

Cuevas argues that the Court erred in not giving him credit for acceptance of responsibility pursuant to Guideline § 3E1.1(a). Mem. [558-1] at 1, 3. Cuevas appears to rely upon *United States v. Hollis*, 823 F.3d 1045 (6th Cir. 2016), to argue that the Court violated his due process rights and thereby prejudiced him. *See id.* at 3.

---

[2] *See also, e.g., United States v. Estrada*, No. CR 2:14-724-1, 2017 WL 2422882, at *4 (S.D. Tex. June 5, 2017); *Fields v. United States*, No. 3:13-CR-0416-G (04), 2017 WL 2590107, at *2 (N.D. Tex. May 24, 2017), *report and recommendation adopted*, No. 3:13-CR-416(04)-G, 2017 WL 2573231 (N.D. Tex. June 14, 2017); *Harris v. United States*, No. 3:13CR42-MPM, 2017 WL 1450485, at *3 (N.D. Miss. Apr. 20, 2017).

In *Hollis*, the district court denied the defendant credit for acceptance of responsibility pursuant to Guideline § 3E1.1(a) solely on the basis of his failure to give early enough notice of his intent to plead guilty. *Hollis*, 823 F.3d at 1046. Hollis appealed, and the Sixth Circuit vacated the sentence and remanded because it determined that the district court had effectively conflated the standards for granting credit under subsections (a) and (b) of § 3E1.1. *Id*. *Hollis* is not controlling authority and is factually distinguishable because this Court did not deny Cuevas acceptance of responsibility solely because he belatedly gave notice of intent to plead guilty. *See* Tr. [509] at 19-21 (prosecutor detailed at sentencing hearing Cuevas's frivolous denial of relevant conduct). This case is not a direct appeal as was the situation in *Hollis*. *See Hollis*, 823 F.3d at 1046. The Court determined at sentencing that Cuevas's conduct was inconsistent with acceptance of responsibility, such that he should not receive a downward adjustment for acceptance of responsibility. *See* Tr. [509] at 23; *see also* Statement of Reasons [377] at 1.

In addition, as the Court has previously stated, a defendant may not raise misapplication of the Sentencing Guidelines in § 2255 motions. *See Williamson*, 183 F.3d at 462. "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *Id*. Cuevas's claim that the Court erred in not giving him credit for acceptance of responsibility is not cognizable under § 2255. *See id*. Moreover, as part of his Plea Agreement, Cuevas waived his right to

contest the manner in which the sentence was imposed in this case. Plea Agreement [336] at 4.[3]

C.   <u>Cuevas has not shown that he is entitled to relief based upon *Johnson*.</u>

Cuevas asserts that a four-level firearm enhancement he received under Guideline § 2k2.1(b)(6) is now unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and its progeny. Cuevas argues that this provision of the Guidelines is "unconstitutionally vague." Mem. [558-1] at 3-4.[4]

*Johnson* held that imposing an increased sentence under the "residual clause" of the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(2)(B), violated the Constitution's guarantee of due process. *Johnson*, 135 S. Ct. at 2563. *Welch v. United States,* 136 S. Ct. 1257 (2016), held that the rule announced in *Johnson* applied retroactively to cases on collateral review. *Welch*, 136 S. Ct. at 1268.

The ACCA provided that

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or

---

[3] In one paragraph of Cuevas's Memorandum [558-1], he lists a host of Guideline provisions which he argues should have been applied to reduce his sentence. To the extent each constitutes a separate claim for relief under § 2255, Cuevas has not shown that he is entitled to relief, as he cannot raise misapplication of the Sentencing Guidelines in this proceeding. *See Williamson*, 183 F.3d at 462.

[4] Cuevas cites *Basham v. United States*, 811 F.3d 1026, 1029 (8th Cir. 2016), in support of his argument that § 2K2.1(b)(6) is unconstitutionally vague. It is unclear what relevance, if any, *Basham* has to the present case. *Basham* was a direct appeal which held that defense counsel's failure to move to suppress a warrantless search of the defendant's cell phone data, which phone was seized incident to arrest, did not amount to ineffective assistance of counsel because at that time there was no controlling precedent requiring a search warrant for cell phone data searched incident to arrest.

> destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B) (emphasis added). The emphasized clause beginning with "or otherwise" was referred to as the residual clause.

Section 4B1.2(a) of the Sentencing Guidelines previously contained a residual clause that was worded identically to the residual clause contained in the ACCA. *See Beckles v. United States*, 137 S. Ct. 886, 890 (2017) (citing U.S. Sentencing Guidelines Manual § 4B1.2(a)). *Beckles* considered whether the Guidelines' residual clause, like the one in the ACCA, was void for vagueness under the Due Process Clause. *Id. Beckles* held that because the Guidelines are advisory, they are not subject to a vagueness challenge under the Due Process Clause, such that § 4B1.2(a)(2)'s residual clause was not void for vagueness. *Id.* at 892.

In the present case, Cuevas's sentence was not enhanced under the ACCA or under Guideline § 4B1.2. Nor was Cuevas's sentence otherwise enhanced due to a "crime of violence." The four-level increase Cuevas received under § 2K2.1(b)(6) did not involve a finding that he had committed a "crime of violence," but instead was applied because the Court found that Cuevas was involved in the possession and sale of between eight and 24 firearms. The convictions used to calculate Cuevas's criminal history points for Guidelines purposes do not appear to be crimes of violence, and the Court made no such finding. While Guideline § 2K2.1(a) employs

the term "crime of violence" in some of the subsections used for determining the applicable base offense level, *see* § 2K2.1(a)(1)-(4) (base offense levels 20 through 26), Cuevas was assigned a lower base offense level of 12 pursuant to Guideline § 2K2.1(a)(7), which did not involve or reference a "crime of violence," *see* Tr. [509] at 18.[5] *Johnson* is therefore wholly inapplicable here.

Even if the Court had relied upon the residual clause of § 4B1.2 in sentencing Cuevas, *Beckles* clearly forecloses Cuevas's argument. *See Beckles*, 137 S. Ct. at 897 ("Because the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness."). Construing all factual allegations in Cuevas's favor, he has not shown that he is entitled to any relief under § 2255 based upon *Johnson*.

D.     Cuevas's Motion is also untimely.

Cuevas's § 2255 Motion is also untimely pursuant to 28 U.S.C. § 2255(f). Cuevas's Petition for Writ of Certiorari to the Supreme Court was denied on April 20, 2015, *see* Letter [528] at 1, and his § 2255 Motion was not filed until August 7, 2016, beyond the applicable one-year statute of limitations, *see* 28 U.S.C. § 2255(f); *United States v. Thomas*, 203 F.3d 350, (5th Cir. 2000) (holding that the one-year statute of limitations "begins to run when a petition for certiorari is denied by the Supreme Court"). Cuevas has not alleged any basis for equitable tolling, nor has he

---

[5] The PSR indicated that Cuevas's base offense level was 18 because the offense involved firearms as described in 26 U.S.C. § 5845(a). PSR [400] at 66-67 (filed under seal) (citing U.S. Sentencing Guidelines Manual § 2K2.1(a)(5)). Cuevas's counsel objected to the base level, and at sentencing, the Government agreed that the base offense level should be 12. Tr. [509] at 18. Neither the base offense level of 18 under § 2K2.1(a)(5), nor the base offense level of 12 under § 2K2.1(a)(7), involve "crimes of violence."

asserted any facts which would tend to show that the statute of limitations should be tolled. Because Cuevas's Motion is untimely, it should be denied on this basis. *See United States v. Plascencia*, 537 F.3d 385, 390 (5th Cir. 2008) (affirming district court's *sua sponte* dismissal of § 2255 motion that was filed outside the one-year limitation period).

## III. CONCLUSION

For the foregoing reasons, it is clear from the Motion, related pleadings, and the record that Cuevas is entitled to no relief, and the Court finds that Cuevas's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 should be denied pursuant to Rule 4(b) of the Section 2255 Rules without an Answer by the United States Attorney and without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [558] of Defendant Wilton Joseph Cuevas to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 23rd day of August, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE